ALBERTSON et al. *v.* MILLARD, ATTORNEY
GENERAL OF MICHIGAN, et al.

No. 384.   Argued February 2, 1953.—Decided March 16, 1953.

*Ernest Goodman* argued the cause for appellants.
With him on the brief was *Joseph A. Brown.*

*Edmund E. Shepherd,* Solicitor General of Michigan,
argued the cause for appellees.   With him on the brief
were *Frank G. Millard,* Attorney General, and *Daniel J.
O'Hara* and *Ben H. Cole,* Assistant Attorneys General.

*Osmond K. Fraenkel* and *Walter M. Nelson* filed a
brief for the American Civil Liberties Union, as *amicus
curiae,* urging reversal.

Per Curiam.

On April 17, 1952, the Governor of Michigan signed the
Michigan Communist Control Bill.   On April 22, 1952,
the Communist Party of Michigan and William Albertson,
its Executive Secretary, filed a complaint in the United

States District Court for the Eastern District of Michigan. Sections 2–5, inclusive, and Section 7 of the Act were alleged to violate various provisions of the Federal Constitution. A declaratory judgment to that effect was sought, along with an injunction to prevent state officials and officers from enforcing the Act. A three-judge District Court found the Act constitutional, 106 F. Supp. 635, and an appeal was taken to this Court.

Section 5 of the Act requires the registration of Communists, the Communist Party and Communist front organizations, and Section 7 prevents them from appearing on any ballot in the State. "Communist," "Communist Party," and "Communist front organization" are given a statutory meaning by the Michigan Legislature.* Mich. Acts 1952, No. 117.

---

*"Sec. 2. A 'communist' is a person who:

"(a) Is a member of the communist party, notwithstanding the fact that he may not pay dues to, or hold a card in, said party; or

"(b) Knowingly contributes funds or any character of property to the communist party; or

"(c) Commits or advocates the commission of any act reasonably calculated to further the overthrow of the government of the United States of America, the government of the state of Michigan, or the government of any political subdivision of either of them, by force or violence; or

"(d) Commits or advocates the commission of any act reasonably calculated to further the overthrow of the government of the United States, the government of the state of Michigan, or the government of any political subdivision of either of them, by unlawful or unconstitutional means, and the substitution of a communist government or a government intended to be substantially directed, dominated or controlled by the Union of Soviet Socialist Republics or its satellites.

"Sec. 3. The 'communist party' is any organization which is substantially directed, dominated or controlled by the Union of Soviet Socialist Republics or its satellites, or which in any manner advocates, or acts to further the world communist movement.

"Sec. 4. A 'communist front organization' is any organization, the members of which are not all communists, but which is substantially directed, dominated or controlled by communists or by the

These definitions are challenged by the appellants as void for vagueness. The definition of a Communist as ". . . a member of the communist party, notwithstanding the fact that he may not pay dues to, or hold a card in, said party . . . ." is said to be vague since once dues and cards are eliminated as criteria there are no readily apparent means of determining who is a member. As to the definition of the Communist Party as an organization ". . . substantially directed, dominated or controlled by the Union of Soviet Socialist Republics or its satellites" it is contended there are no standards as to what is a "satellite." In regard to the definition of both Communist Party and Communist front organization as an organization which ". . . in any manner advocates, or acts to further, the world communist movement" appellants point to the failure to define the "world communist movement" as creating vagueness. The answers given to these and possibly other problems of construction and interpretation arising under the definitions in Sections 2–4 will determine the ultimate scope of the Act.

Interpretation of state legislation is primarily the function of state authorities, judicial and administrative. The construction given to a state statute by the state courts is binding upon federal courts. There has been no interpretation of this statute by the state courts. The absence of such construction stems from the fact this action in federal court was commenced only five days after the statute became law.

There is pending in the Circuit Court for Wayne County, Michigan, a bill seeking a declaratory judgment that the Act is unconstitutional, both on federal and state

---

communist party, or which in any manner advocates, or acts to further, the world communist movement. The attorney general of the state of Michigan annually shall prepare and cause to be published a list of all such communist front organizations."

grounds. That action is being held in abeyance pending our mandate and decision in this case.

We deem it appropriate in this case that the state courts construe this statute before the District Court further considers the action. See *Rescue Army* v. *Municipal Court,* 331 U. S. 549 (1947); *American Federation of Labor* v. *Watson,* 327 U. S. 582 (1946); and *Spector Motor Service* v. *McLaughlin,* 323 U. S. 101 (1944).

The judgment is vacated and the cause remanded to the District Court for the Eastern District of Michigan with directions to vacate the restraining order it issued and to hold the proceedings in abeyance a reasonable time pending construction of the statute by the state courts either in pending litigation or other litigation which may be instituted.

*It is so ordered.*

MR. JUSTICE BLACK dissents.

MR. JUSTICE DOUGLAS, dissenting.

There doubtless will be instances where it is uncertain whether a particular person is a "Communist" or whether a particular group is included in the "Communist Party" as those terms are defined in the Michigan Act. But as I read this record there cannot be the slightest doubt that the Communist Party of Michigan is what it purports to be and that appellant Albertson, its Executive Secretary, is one of its members. In other words, it is plain beyond argument that the appellants are covered by the Michigan Act.

The case is therefore ripe for decision. It is not clouded with abstract questions. There are no ambiguities involving these appellants. The constitutional questions do not turn on any niceties in the interpretation of the Michigan law. The case is therefore unlike *Rescue Army* v. *Municipal Court,* 331 U. S. 549, and its forebears where the nature of the constitutional issue

would depend on the manner in which uncertain and ambiguous state statutes were construed. See especially *A. F. of L.* v. *Watson,* 327 U. S. 582, 598. Here there are but two questions:

(1) Can Michigan require the Communist Party of Michigan and its Executive Secretary to register?

(2) Can Michigan forbid the name of any Communist or of any nominee of the Communist Party to be printed on the ballot in any primary or general election in the state?

In my view no decision of the Michigan state courts can make those two issues any more precise or specific than the present case makes them.