**Philip FELDMAN et al., Plaintiffs,**

v.

**Richard ERVIN, Individually and as Attorney General of the State of Florida, et al., Defendants.**

**Civ. A. No. 6070–M.**

United States District Court,
S. D. Florida, Miami Division.

Feb. 16, 1955.

John M. Coe, Pensacola, Fla., Donner, Kinoy & Perlin, by Frank J. Donner, New York City, for plaintiffs.

HOLLAND, Chief Judge.

The complaint, which was filed in this case on this date, was presented to the Court at 9:30 a. m. upon special appointment made by Mr. John M. Coe, of Pensacola, Florida, of counsel for plaintiff. Mr. Coe orally explained the substance of the bill, and the bill involving important and complicated matters such as it does, the Court took the case under advisement and advised Mr. Coe to return at 2:00 p. m. The Court proceeded to carefully examine the bill, and came to the conclusion that the bill should be dismissed, on the ground that there is no equity therein.

In Paragraph 3 of the prayer the plaintiffs seek declaratory relief under Section 2201 of 28 U.S.C. These plaintiffs are not now charged with the commission of crime under the State Statutes set forth in the bill and alleged to be unconstitutional. No indictment against them has been returned by a grand jury and no information filed. Mere threats of prosecution, as alleged, or fears of same are not sufficient to create an actual controversy.

This case involves alleged threats of criminal prosecution and not property rights as was the case of City of Birmingham v. Monk, 5 Cir., 185 F.2d 859. The State Court is the proper forum in which plaintiffs could proceed. Albertson v. Millard, 345 U.S. 242, 73 S.Ct. 600, 97 L.Ed. 983. While I realize that a 3-Judge Court should be convened to pass upon the constitutionality of a State Statute which is being sought to be enforced, this is not the case presented by this bill. The State Statute (without the pending of a criminal charge in the State Court) is not being sought to be enforced against these plaintiffs. Mere threats or fears, as alleged in the

complaint, are not sufficient to furnish equity in order to sustain the charges in the bill.

The bill should be and is hereby dismissed at plaintiffs' cost.