**NATIONAL ASSOCIATION FOR ADVANCEMENT OF COLORED PEOPLE, a corporation, Plaintiff,**

**v.**

**Bruce BENNETT, Attorney General of State of Arkansas, et al., Defendants.**

**Civ. A. No. 3664.**

United States District Court
E. D. Arkansas, W. D.

Jan. 17, 1959.

See also 178 F.Supp. 191.

Robert L. Carter, New York City, and George Howard, Jr., Pine Bluff, Ark., for plaintiff.

Bruce Bennett, Atty. Gen., of State of Arkansas, pro se, J. Frank Holt, Little Rock, Ark., E. W. Brockman, Jr., N. J. Gantt, Jr., and Louis L. Ramsay, Jr., of Coleman, Gantt & Ramsay, Pine Bluff, Ark., for defendants.

Before SANBORN, Circuit Judge, and MILLER and HENLEY, District Judges.

PER CURIAM.

The procedural problem presented by the motions to stay further proceedings in this action until the courts of the State of Arkansas have an opportunity to interpret and rule upon the validity of the statutes of that State which are under attack, is whether this federal three-judge court shall hear this case on the merits and determine the question of

the constitutionality of the statutes in suit, or whether, in the exercise of its equitable powers and out of regard for the independence of the State and its courts, this court should, for the time being, merely retain jurisdiction of the case and remit the plaintiff to its remedies in the courts of the State.

It seems obvious that whatever procedural pathway is pursued by the plaintiff, the case will eventually end in the Supreme Court of the United States, and that the ultimate result will be the same whether the plaintiff's claim of the unconstitutionality of these statutes is heard and ruled upon by this court or by the courts of the State.

The general doctrine established by the Supreme Court in many cases is that where the constitutionality of an unconstrued state statute is challenged in a federal trial court as violative of the Federal Constitution, the court should stay its hand, but retain jurisdiction of the case until all doubts as to the meaning and scope of the statute have been resolved in the courts of the State. Three of the leading cases are: Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Spector Motor Service, Inc. v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101; and Albertson v. Millard, 345 U.S. 242, 73 S.Ct. 600, 97 L.Ed. 983.

In Spector Motor Service, Inc. v. McLaughlin, the Supreme Court said (at page 105 of 323 U.S., at page 154 of 65 S.Ct.):

"If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality— here the distribution of the taxing power as between the State and the Nation—unless such adjudication is unavoidable. And so, as questions of federal constitutional power have become more and more intertwined with preliminary doubts about local law, we have insisted that federal courts do not decide questions of constitutionality on the basis of preliminary guesses regarding local law. Railroad Commission [of Texas] v. Pullman Co., supra [312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971]; City of Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355; In re Central R. Co. of New Jersey, 3 Cir., 136 F.2d 633. See also Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424; Meredith v. [City of] Winter Haven, 320 U.S. 228, 235, 64 S.Ct. 7, 11 [88 L.Ed. 9]; Green v. Phillips Petroleum Co., 8 Cir., 119 F.2d 466; Findley v. Odland, 6 Cir., 127 F.2d 948; United States v. 150.29 Acres of Land, 7 Cir., 135 F.2d 878. Avoidance of such guesswork, by holding the litigation in the federal courts until definite determinations on local law are made by the state courts, merely heeds this time-honored canon of constitutional adjudication."

In Albertson v. Millard, which involved the Michigan Communist Control Bill, requiring a registration of Communists, the Communist Party, and Communist front organizations, a three-judge District Court ruled upon the constitutionality of the Act. The Supreme Court said (at pages 244–245 of 345 U.S., at page 602 of 73 S.Ct.):

"Interpretation of state legislation is primarily the function of state authorities, judicial and administrative. The construction given to a state statute by the state courts is binding upon federal courts. There has been no interpretation of this statute by the state courts. The absence of such construction stems from the fact this action in federal court was commenced only five days after the statute became law.

"There is pending in the Circuit Court for Wayne County, Michigan, a bill seeking a declaratory judgment that the Act is unconstitutional, both on federal and state grounds. That action is being held

in abeyance pending our mandate and decision in this case.

"We deem it appropriate in this case that the state courts construe this statute before the District Court further considers the action. See Rescue Army v. Municipal Court, 1947, 331 U.S. 549, 67 S.Ct. 1409, 91 L.Ed. 1666; American Federation of Labor v. Watson, 1946, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873; and Spector Motor Service v. McLaughlin, 1944, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101.

"The judgment is vacated and the cause remanded to the District Court for the Eastern District of Michigan with directions to vacate the restraining order it issued and to hold the proceedings in abeyance a reasonable time pending construction of the statute by the state courts either in pending litigation or other litigation which may be instituted."

The most recent case in the Supreme Court appears to be Government and Civic Employees Organizing Committee, C.I.O. v. Windsor, 353 U.S. 364, 77 S. Ct. 838, 1 L.Ed.2d 894. The Supreme Court said on page 366 of 353 U.S., on page 839 of 77 S.Ct.:

"We do not reach the constitutional issues. In an action brought to restrain the enforcement of a state statute on constitutional grounds, the federal court should retain jurisdiction until a definitive determination of local law questions is obtained from the local courts. One policy served by that practice is that of not passing on constitutional questions in situations where an authoritative interpretation of state law may avoid the constitutional issues. Spector Motor [Service] v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 154, 89 L.Ed. 101."

The plaintiff does not question the existence of the general doctrine, but contends that the instant case does not come within it, because the statutes involved are unambiguous and unquestionably unconstitutional as violative of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. There is respectable authority for the proposition that where the unconstitutionality of a statute is clear, it is unnecessary for the court to await state court adjudication.

In National Association For Advancement of Colored People v. Patty, D.C. E.D.Va., 159 F.Supp. 503, on page 523, Circuit Judge Soper, speaking for the majority of a three-judge court said:

"* * * As heretofore noted, the problem for determination is essentially a federal question with no peculiarities of local law. Where the statute is free from ambiguity and there remains no reasonable interpretation which will render it constitutional, there are compelling reasons to bring about an expeditious and final ascertainment of the constitutionality of these statutes to the end that a multiplicity of similar actions may, if possible, be avoided."

Assuming, without deciding, that the unconstitutionality of the Arkansas statutes in suit is obvious, as the plaintiff claims, it reasonably can be believed that it would be more wholesome and more logical to permit the courts of Arkansas to rule upon their validity in the first instance than to have this court do so, and that it would be more in harmony with the philosophy underlying the doctrine established by the Supreme Court relative to the federal courts affording the state courts an opportunity to pass upon the construction and effect of local statutes.

We think that under circumstances such as this court is confronted with, it has discretion as to whether it will proceed to an adjudication or whether it will require the plaintiff to seek its remedy in the courts of the State.

We, therefore, grant the defendants' motions, and will "retain jurisdiction until efforts to obtain an appropriate adjudication in the state courts have been exhausted".