**Robertson A. STRUTHERS, Plaintiff,**

v.

**ROBERTSON LUMBER COMPANY, a corporation, Sam W. Robertson, Hugh S. Robertson, James Baker and R. H. Herzog, Defendants.**

No. 4–58–Civ.–277.

United States District Court
D. Minnesota,
Fourth Division.
May 22, 1959.

George McClintock, Jr., Minneapolis, Minn., for plaintiff.

M. Arnold Lyons, Minneapolis, Minn., for defendants.

DEVITT, District Judge.

The plaintiff, a citizen of California and minority stockholder in the defendant corporation, brings this action against the corporation and its Board of Directors to have the affairs of the corporation wound up, claiming that its legal term of existence has expired. He asks appointment of a receiver and judgment in the amount of plaintiff's pro rata share of the liquidated assets.

The defendants have filed a motion for summary judgment and a motion to dismiss the complaint without prejudice, claiming a lack of the court's jurisdiction over the subject matter of the action, or in the alternative to stay these proceedings pending a determination of identical issues raised in a similar suit instituted in the North Dakota State Court.

The complaint alleges that the Robertson Lumber Company was organized under the laws of North Dakota in 1898, with a corporate life of 20 years; that in 1918 and again in 1938 the Board of Directors passed resolutions extending the life of the Company for additional 20-year periods. The 1938 resolution extended the Company's life to February 5, 1958.

On June 14, 1957, the Company's president called a special meeting of the Board of Directors to be held July 8, 1957. Formal notice of the meeting was sent to the plaintiff but allegedly failed to state that the Board intended to vote on extending the corporation's life for an additional 20-year period. The meeting was held on July 8, 1957 and the proposed resolution adopted.

Plaintiff challenges the validity of this resolution and also contends that the North Dakota statute pursuant to which the Board of Directors sought to extend the corporate life of the Robertson Lumber Company is unconstitutional.

Were we to entertain the issue here raised, I doubt if this would be an appropriate type of case in which to employ the summary judgment procedure. Rule 56 Fed.Rules Civ.Proc., 28 U.S.C.A., permits the use of summary judgment where there is no genuine issue as to any material fact. The Courts of Appeal have many times emphasized that it must be very clear that there is no fact issue involved and that the moving party is entitled to a judgment as a matter of law before summary judgment becomes the appropriate remedy. Realty Investment Co. v. Armco Steel Corp., 8 Cir., 255 F.2d 323; Elbow Lake Co-op. Grain Co. v. Commodity Credit Corp., 8 Cir., 251 F.2d 633; Northwestern Auto Parts Co. v. Chicago B. & Q. R. Co., 8 Cir., 240 F.2d 743, certiorari denied 355 U.S. 815, 78 S.Ct. 16, 2 L.Ed.2d 32; Traylor v. Black, Sivalls & Bryson, Inc., 8 Cir., 189 F.2d 213. Plaintiff's contention that the Board of Directors failed to comply with the statutory requirements of the laws of North Dakota when it last extended the company's corporate life clearly raises a factual issue.

But there seems to be no good reason why the federal court sitting in Minnesota should pass on these questions of North Dakota law, and good reason why we should not do so.

North Dakota judges would be the appropriate officers to interpret North Dakota laws. Certainly the courts of that state would be the proper tribunal to pass on the constitutionality of North Dakota laws. Our view would be only a forecast—a prediction of the view of the Supreme Court of that state, and

**206**

in no way binding upon it. No finality would attend our judgment.

██ But most important would be the impropriety of our acting. As we said in Magraw v. Donovan, D.C., 163 F.Supp. 184, at page 187:

"The federal courts are disinclined to rule on matters peculiarly and primarily of state concern. A healthy respect for the division of powers between the central government and the states is conducive to harmonious and effective government on all levels. We must have a 'scrupulous regard for the rightful independence of the state governments,' and should refrain from acting where proper recourse may be had to a branch or tribunal of the state government."

Here we are asked to exercise our authority, including our equitable powers, in a case involving the construction and constitutionality of the laws of a sovereign foreign state involving an internecine hassle between stockholders of a corporation created under that state's laws. We think this is a situation in which we should apply the doctrine of abstention. This embodies the exercise of our discretion to withhold the employment of our authority in a matter primarily of state concern because of the rightful independence of the state governments and the authority of their courts to determine controversies peculiar to the state. Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; City of Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 172–173, 62 S.Ct. 986, 86 L.Ed. 1355; Spector Motor Service Co. v. McLaughlin, 323 U.S. 101, 103–105, 65 S.Ct. 152, 89 L.Ed. 101; Albertson v. Millard, 345 U.S. 242, 244–245, 73 S.Ct. 600, 97 L.Ed. 983; Green v. Phillips Petroleum Co., 8 Cir., 119 F.2d 466.

We leave the parties to their remedies in the State Courts of North Dakota. It is represented that an action similar to this has been instituted in that state. For the reasons stated, we defer all decisions and stay further proceedings here.