434

UPJOHN COMPANY, a body corporate,
v.
PEOPLES SERVICE DRUG STORES,
INC., a body corporate.
Civ. A. No. 10092.

United States District Court
D. Maryland.
May 26, 1959.

J. Nicholas Shriver, Jr., J. Paul Bright, Jr., Baltimore, Md., Robert H. Hosick, and Murray D. Welch, Kalamazoo, Mich., for plaintiffs.

F. Fulton Bramble and Harrison L. Winter, Baltimore, Md., for defendant.

R. DORSEY WATKINS, District Judge.

Plaintiff has sued defendant seeking an injunction and damages for alleged violation by defendant of the Maryland Fair Trade Act (Maryland Code of Public General Laws, 1957 Edition, Article 83, sections 102–110). The complaint, after proper jurisdictional allegations as to diversity of citizenship and statutory amount, contains the typical allegations found in similar complaints against non-signing retailers, including the ownership and use by plaintiff of various registered trademarks on drugs, medicines, toilet articles and other products sold and distributed by plaintiff; wide distribution and advertising of the goods and trademarks, resulting in the acquisition by plaintiff of a valuable goodwill therein; that such products are in "fair[1] and open competition with products[2] of the same general class produced by others"; that plaintiff has entered into fair trade contracts complying with and under the Maryland Act, with retailers in the State of Maryland whereby it was agreed that said retailers would not advertise, offer for sale or sell any of plaintiff's trademarked products at prices less than the then pre-

1. and 2. Section 103 of Article 83 of the Maryland Code uses the terms "free" and "commodities" in place of "fair" and "products". While the terms may not be synonymous, they are sufficiently similar to bring the claim within the Maryland Act.

vailing minimum retail price, and that in connection with any sale of plaintiff's products at such minimum resale prices the retailer would not offer or make "any concession of any kind whatsoever (either by the giving of coupons, trading stamps or otherwise)"; that notice of such contracts and of the minimum retail sales prices was given by plaintiff to the trade and to defendant; but that thereafter defendant, with knowledge of the provisions of such fair trade contracts including the provision against giving trading stamps, wilfully and knowingly instituted the practice of giving a concession, i. e., trading stamps, in connection with the retail sale of plaintiff's fair-traded products at the minimum retail prices, in violation of such fair trade contracts and the Maryland law; that plaintiff has "importuned" defendant to cease such alleged violations but defendant has continued such practices; that serious damage has been done to plaintiff and its goodwill by such practices and will continue unless defendant is restrained; and that plaintiff has no adequate remedy at law.

The court refused to sign a temporary restraining order, but did issue an order requiring cause to be shown why a preliminary injunction should not issue. Defendant filed a combined answer to the complaint, and to the show cause order. Defendant admits [3] notice that plaintiff had entered into a fair trade contract with a retailer in the State of Maryland and of the minimum retail prices from time to time established by plaintiff, but denied notice of the terms and conditions of such contract, including the purported prohibition against the giving of trading stamps. Defendant admitted the resumption of its former practice of giving to purchasers of all products [4] sold by it for cash, including plaintiff's fair-traded products when sold at minimum fair trade prices, trading stamps redeemable in merchandise, but denies that such stamps are "coupons" or that the giving of such stamps constitutes the giving of a "concession", or that its conduct is in violation of plaintiff's purported fair trade contract and the Maryland Fair Trade Act. Defendant also admitted plaintiff's "importunings" to cease the giving of trading stamps and that it declined to discontinue this practice.

The answer then by way of separate defenses raises questions concerning the interpretation of the Maryland Fair Trade Act which have not heretofore been passed upon by the Maryland Court of Appeals, and questions under the Constitution and laws of the United States. The contentions as to Maryland law are as follows:

(1) Defendant's use of trading stamps is in effect only a "uniform storewide discount for the immediate or prompt payment of cash", of 2.50% if stamps are redeemed in merchandise or 1.67% if stamps are redeemed in cash; and that this practice is not a violation of section 104 of Article 83 of the Maryland Code.

(2) Even if the use of stamps effects a reduction of the price of commodities sold, it is de minimis, and should not be considered by a court.

(3) The use of stamps by defendant does not constitute "an injurious and uneconomic practice in the distribution of" plaintiff's products.

(4) If the use of stamps by defendant constitutes a reduction in the price of commodities sold, such reduction was not "willfully and knowingly made" by defendant within the meaning of section 107 of Article 83 of the Maryland Code.

The defenses allegedly arising under the Constitution and laws of the United States are:

(1) To prohibit the allowance of a cash discount on the sale of plaintiff's products would violate the Sherman

---

3. Defendant states that it is without knowledge or information sufficient to form a belief as to the truth of some of the allegations of the complaint, and denies others. This is not important with respect to the pending motion.

4. Except cigarettes, fountain sales and certain drug items.

Anti-Trust Act (15 U.S.C.A. § 1 et seq.); and the Maryland Fair Trade Act, insofar as it purports to authorize the fixing of terms of sale, violates the Sherman Anti-Trust Act.

(2) If applied to compel defendant to cease issuing trading stamps with merchandise sold at prices fixed by plaintiff, the Maryland Fair Trade Act would be unconstitutional in that it would deprive defendant of its liberty and property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

(3) The McGuire Act of July 14, 1952, 15 U.S.C.A. § 45 and note, constitutes an unconstitutional delegation to private persons of powers vested in the Congress of the United States by Article I, sections 1 and 8 of the Constitution of the United States; and the Maryland Fair Trade Act, insofar as it depends upon the McGuire Act, is likewise unconstitutional.

(4) If applied to compel defendant to cease issuing trading stamps with merchandise sold at prices fixed by plaintiff, the McGuire Act of July 14, 1952 would be unconstitutional in that it would deprive defendant of its liberty and property without due process of law in violation of the Fifth Amendment to the Constitution of the United States.

(5) If applied to compel defendant to cease issuing trading stamps with merchandise sold at prices fixed by plaintiff, the Maryland Fair Trade Act would be unconstitutional in that it would constitute an unreasonable burden on interstate commerce in violation of Article I, section 8 of the Constitution of the United States.

(6) The McGuire Act is void for uncertainty, in that subsection (a) (3) (15 U.S.C.A. § 45(a) (3)), which imposes on non-signers of price maintenance contracts the obligation to observe the terms of such contracts, authorizes horizontal price-fixing, thus conflicting with subsection (a) (5) (15 U.S.C.A. § 45 (a) (5)) which forbids horizontal agreements to effect such a result.

(7) The provision of section 104(b) of Article 83 of the Maryland Code of Public General Laws, prohibiting the "offering or the making of any concession of any kind whatsoever (whether by the giving of coupons or otherwise)" in connection with the sale of fair-traded commodities, if applied so as to compel defendant to cease issuing trading stamps with plaintiff's fair-traded merchandise, but not applied to prohibit the extension of credit on sales thereof, would be an unconstitutional denial to defendant of the equal protection of the laws.

Thereafter a petition was filed by defendant[5] alleging that there had been raised by its answer divers questions of the validity and interpretation of the Maryland Fair Trade Act upon which there had been no adjudication by the trial courts or the Court of Appeals of Maryland; that subsequent to the filing of the complaint herein, there had been filed and was pending in the Circuit Court of Baltimore City an action[6] brought by a drug manufacturer against this defendant, the purpose of which is to restrain and enjoin defendant from issuing trading stamps in connection with plaintiff's fair-traded products; and that the same questions of the validity and interpretation of the Maryland Fair Trade Act are raised in that case as are raised herein. The motion requested a stay of proceedings in this case pending an adjudication by the Circuit Court of Baltimore City of the above questions of the validity and interpretation of the Maryland Fair Trade Act.

No objection was made by plaintiff's counsel to the stay, which was granted

---

5. A joint petition was filed by defendant in this and two other cases brought against it by drug manufacturers, and by another pharmacy sued by another drug manufacturer, all involving alleged fair trade violations in the issuance of trading stamps.

6. Parke, Davis & Company v. People's Service Drug Stores, Inc., Case No. A–37886, Docket 1958A, folio 269.

for ninety days, with leave to plaintiff and defendant to move for any extension of the stay or, before the expiration of the stay, to apply for a lifting thereof. One extension was granted. Defendant applied for a further extension, which was opposed by plaintiff. At a conference attended by counsel in this and other related cases [7] held on May 11, 1959, it was stated that it was almost certain that because of discovery proceedings and pending motions, the Circuit Court case could not be decided for at least six months, and probably not for a year. Plaintiff then filed a motion,[8] with supporting memorandum, requesting this court not to grant a further extension of the stay, but to retain this case without final disposition and allow the plaintiff a reasonable time to commence action in the state courts for a determination therein of questions of state law. As reason for the institution of a new suit in the state courts, rather than awaiting the outcome of the pending litigation in the Circuit Court of Baltimore City, plaintiff's motion alleges that in a proceeding by plaintiff against another pharmacy in the Circuit Court for Montgomery County,[9] the court, in granting an interlocutory injunction restraining the defendant therein from violating the fair trade laws of Maryland, including a prohibition against the use of "any allowance, gift, rebate or concession", stated that it might well dissolve the injunction unless plaintiff "proceeded against the defendant herein, Peoples Service Drug Stores, Inc., in the Circuit Court for Montgomery County forthwith with respect to the use by this defendant of trading stamps in the trading area. * * *" Plain-

tiff's counsel also advised this court that the judge of the Circuit Court for Montgomery County had indicated that disposition of such a suit could be had in the matter of a few weeks.

The undesirability of a Federal court attempting to forecast the decision of a state court upon a point requiring the interpretation of state law or the state constitution, and the further undesirability of a Federal court passing upon questions involving the constitutionality, under the provision of the Constitution of the United States and the amendments thereto, of state laws, has often been recognized. Railroad Commission of Texas v. Pullman Company, 1941, 312 U. S. 496, 499–501, 61 S.Ct. 643, 85 L.Ed. 971; Albertson v. Millard, 1953, 345 U. S. 242, 244, 73 S.Ct. 600, 97 L.Ed. 983; Leiter Minerals, Inc. v. United States, 1957, 352 U.S. 220, 229, 77 S.Ct. 287, 1 L.Ed.2d 267; The Tungus v. Skovgaard, 1959, 358 U.S. 588, 596, 79 S.Ct. 503, 3 L.Ed.2d 524.

In two instances, United States District Courts in cases involving state fair trade laws have held cases in abeyance to permit the institution of proceedings in the state courts. Union Carbide & Carbon Corp. v. White River Distributors, Inc., D.C.Ark.1954, 118 F.Supp. 541; Sterling Drug v. Anderson, D.C. Tenn.1954, 127 F.Supp. 511.

The court will sign an order retaining this case on the docket without final disposition, and allow the plaintiff thirty days within which to commence appropriate action in the Circuit Court for Montgomery County for a determination therein of the questions arising under the Constitution and Laws of the

7. See footnote 5.

8. The motion is entitled as one "For Remission of this Cause to the Maryland State Courts for Determination of Questions of State Law" and in the body of the motion it is requested that this court "remit" the cause, but retain jurisdiction and hold proceedings in abeyance for a reasonable time pending determination of questions of state law by the state courts. There can be no doubt,

however, from the balance of the motion, and the cases cited in the memorandum, that plaintiff was really seeking the procedure summarized in the text of this opinion to which this footnote is appended.

9. The Upjohn Company v. Save-Mor Drugs, Bethesda, Inc., in the Circuit Court for Montgomery County, Equity No. 21790.

State of Maryland which have been raised by the defendant herein in its answer, the plaintiff to report to the court at or before the expiration of said thirty-day period the action, if any, which it has taken with respect thereto.