**BALTIMORE LUMBER COMPANY, Inc.,**

v.

**Herbert MARCUS**
and
**Louis Marder**
and
**Louis Marder and Herbert Marcus, Co-partners Trading as the Bilt-Well Company.**

**Civ. A. No. 9827.**

United States District Court
D. Maryland.
Dec. 30, 1959.

180

Lawrence I. Weisman, M. Peter Moser, Nyburg, Goldman & Walter, Baltimore, Md., for plaintiff.

J. Paul Rocklin, Baltimore, Md., for defendant Marcus.

R. DORSEY WATKINS, District Judge.

Plaintiff, a Maryland corporation, has brought this action against Herbert Marcus and Louis Marder, citizens of the "State" of Pennsylvania, individually and as copartners trading as the Bilt-Well Company, to recover a balance alleged to be due plaintiff for lumber, millwork and hardware materials furnished the defendants in their operation of a business in Maryland. Service of process was made by registered mail on defendant Marcus in accordance with the provisions of Article 75, section 78 of the Code of the Public General Laws of Maryland, 1957 Edition. No question is raised about compliance with the procedural requirements of this statute.

Article 75, section 78 provides as follows:

"Any nonresident, person, firm, partnership, general or limited, not qualified under the laws of this State as to doing business herein, who shall do any business or perform any character of work or service in this State, shall, by the doing of such business or the performing of such work, or services, be deemed to have appointed the Secretary of State to be the true and lawful attorney or agent of such nonresident, upon whom process may be served in any action accrued or accruing from the doing of such business, or the performing of such work, or services, or as an incident thereto by any such nonresident, or his, its or their agent, servant or employee. Service of such process shall be made in the same manner and with the same consequences as is provided for service on nonresident motor vehicle owners or operators in Article 66½, § 115(a)-(h), inclusive, of this Code. (1955 ch. 297)."

Defendant Marcus has moved to dismiss the action or in lieu thereof to quash the return of service on the grounds: (a) that he is a citizen and resident of the "State" of Pennsylvania and was not and is not subject to service of process within the District of Maryland; (b) that the Court lacks jurisdiction over him because of insufficiency of service of process; and (c) that the complaint fails to state a claim against him upon which relief can be granted.

Basically defendant Marcus contends that to construe the above service to be a valid service of process upon him so as to bring him within the jurisdiction of this court would be in violation of the Constitution of the United States, specifically section 1 of the fourteenth amendment [1] and Article 4, section 2.[2]

The plaintiff alleges and offers to prove that in May 1957, the codefendant of

1. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

2. "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States."

Marcus, Louis Marder, was engaged in the business of constructing garages in metropolitan Baltimore using the tradename of the Bilt-Well Company; that on or about May 16, 1957, defendants Marder and Marcus sought credit for material to be purchased from the plaintiff for use in said construction, and in connection therewith, defendant Marcus who was personally present within the state of Maryland represented to the plaintiff that he was investing the sum of $10,000 in the business then conducted by defendant Marder and that Marcus was thereafter to become a partner of Marder; that subsequently the defendants, without having qualified to do business within the state, individually and trading as The Bilt-Well Company, did engage in the business of constructing garages in metropolitan Baltimore, defendant Marcus being actually present in this state during a substantial period of time in June 1957; and that from May 16, 1957 to June 30, 1957 the plaintiff sold the materials contracted for by the defendants to them on credit; recovery of the unpaid balance of the purchase price of said materials being sought in this action.

The plaintiff contends on the basis of the foregoing (1) that defendant Marcus was in fact a partner of the Bilt-Well Company, one of the purchasers named in the plaintiff's invoices and statements, and (2) that he held himself out as a partner of the Bilt-Well Company and represented that he would invest money in that company as a partner and that on the basis of such representation the contract in question was executed in the State of Maryland by plaintiff and the Bilt-Well Company, thus making Marcus a partner by estoppel (Article 73A, section 16 of the Code of Public General Laws of Maryland, 1957 Edition). The plaintiff further asserts, that on the basis of its position as to the facts heretofore referred to, it will be able to prove more than sufficient economic activity by defendant Marcus within the State to subject him to the jurisdiction of this court by means of substituted service of process. However, defendant Marcus has filed an affidavit in support of his motion to dismiss categorically denying all of the facts relied upon by plaintiff both to sustain its cause of action on the merits and to sustain the validity of the service of process on defendant Marcus.[3]

Accordingly, the affidavit being addressed to the motion to dismiss, issues of fact have been raised which should be determined prior to a ruling on the motion to dismiss or on the alternative motion to quash the return of service contained in the motion to dismiss.

Assuming, arguendo, that the plaintiff's position that the facts upon which it relies confer jurisdiction in personam upon this court over defendant Marcus, if the plaintiff cannot prove these facts, such lack of proof is dispositive of the case on the jurisdictional issue and possibly on the merits. Although a decision by this court that under the facts as alleged by the plaintiff, Article 75, section 78 is unconstitutional when used to obtain service in a suit against a nonresident partner in connection with liabilities arising out of partnership business when the nonresident partner, at the time of the transaction, was present and doing business in Maryland and has since withdrawn from the state would also be dispositive of the jurisdictional issue (subject, of course, to reversal on appeal), at this point any attempt to rule on this legal issue would be improper and ill-advised for three reasons. First, as noted above, there is no certainty that plaintiff will be able to prove its allegations of fact which are directly controverted by defendant Marcus. Secondly therefore, in the absence of such proof, any ruling based merely upon an assumption of such facts would be premature and in the nature of an advisory opinion. Thirdly, the Maryland statute in question has been attacked by defendant Marcus as unconstitutional if construed according to plaintiff's position. This statute

---

**3.** No testimony was offered on behalf of either the plaintiff or defendant Marcus upon the hearing of his motion.

has not as yet been interpreted, or its constitutionality passed upon, by the Maryland Court of Appeals.

"The undesirability of a Federal court attempting to forecast the decision of a state court upon a point requiring the interpretation of state law or the state constitution, and the further undesirability of a Federal court passing upon questions involving the constitutionality, under the provision of the Constitution of the United States and the amendments thereto, of state laws, has often been recognized. Railroad Commission of Texas v. Pullman Company, 1941, 312 U.S. 496, 499–501, 61 S. Ct. 643, 85 L.Ed. 971; Albertson v. Millard, 1953, 345 U.S. 242, 244, 73 S.Ct. 600, 97 L.Ed. 983; Leiter Minerals, Inc. v. United States, 1957, 352 U.S. 220, 229, 77 S.Ct. 287, 1 L.Ed. 2d 267; The Tungus v. Skovgaard, 1959, 358 U.S. 588, 596, 79 S.Ct. 503, 3 L.Ed.2d 524." Upjohn Company v. Peoples Service Drug Stores, Inc., D.C.D.Md.1959, 173 F.Supp. 434, 437.

Findings of fact by this court might conceivably result in a holding that defendant Marcus never engaged in "any business" or performed "any character of work or service in this State". In such event the defendant Marcus would not come within the express provisions of Article 75, section 78, and the "undesirability" of a construction of a state statute or a ruling on its constitutionality by a federal court prior to a decision as to such legal issues by a state court would thus be avoided. The possibility that, prior to a determination by this court relative to the factual issues, a ruling by a Maryland state court as to the legal issues herein involved might be forthcoming should also be considered.

Accordingly, for the above reasons, the court will sign an order retaining this motion on the motion docket without final disposition and allow the parties thirty days within which to have the motion set down for further hearing and for the taking of testimony by both sides relative to the factual issues in dispute.