**OVERHILL CORPORATION et al.,**
Plaintiffs,

v.

**CITY OF GRAND JUNCTION et al.,**
Defendants,
**Walter B. Carlson et al., Intervenors.**
Civ. No. 6496.

United States District Court
D. Colorado.

Sept. 9, 1960.

Creamer & Creamer and Leslie A. Gross, by George Louis Creamer, Denver, Colo., for plaintiffs.

Gerald J. Ashby, Grand Junction, Colo., for defendants.

Groves, Dufford, Turner & Nelson, by James K. Groves, Grand Junction, Colo., for intervenors.

CHILSON, District Judge.

The plaintiff is the owner of a lot situate within the corporate limits of the City of Grand Junction, which has purportedly been zoned by the City in part for business and in part for residential purposes. Plaintiff desires to use the entire property for business purposes, to-wit: a shopping center, and it seeks an injunction restraining the City and its officials from enforcing the restrictions of the zoning ordinances, declaring the zoning regulations void, and authorizing the plaintiff to use its property for business and commercial purposes.

From the complaint it appears that plaintiff's property was annexed to the City of Grand Junction in 1946; that on October 1, 1947, the City adopted a general zoning ordinance number 755; that on April 21, 1954, the zoning ordinance was amended by ordinance number 892, which latter ordinance zoned the plaintiff's property.

As grounds for the relief prayed for in the complaint, the complaint asserts:

1. That the City of Grand Junction has no power or authority to adopt or enforce a zoning ordinance, either by virtue of its charter or by general law.

2. That the basic zoning ordinance No. 755 is void because:

(a) The zoning map referred to in ordinance No. 755 was not recorded in the "Ordinance Record" as required by the charter of the City;

(b) Failure to so record the map makes the zoning districts unascertainable;

(c) Ordinance 755 purports to be a general zoning ordinance but failed to zone substantial portions of the City, including plaintiff's property, which was not zoned until the passage of ordinance 892 in 1954;

(d) The ordinance was not published as required by the City charter;

(e) No hearings were had concerning the ordinance prior to its passage.

3. Ordinance 892 was not published as required by the charter.

4. That the zoning restrictions violate Article II, Section 15 (no private property shall be taken without just compensation) and Section 25 (no person shall be deprived of property without due process of law) of the Constitution of the State of Colorado.

5. That the zoning restrictions violate the Fourteenth Amendment of the Federal Constitution and the Enabling Act of the State of Colorado, by depriving the plaintiff of its property without due process of law and by depriving the plaintiff of the equal protection of the law.

Jurisdiction of this Court is based upon an allegation that the action arises under

the Enabling Act of the State of Colorado and the Fourteenth Amendment to the Federal Constitution.

Certain property owners owning property in the vicinity of plaintiff's land were allowed to intervene.

The intervenors moved the Court to dismiss the complaint or stay its proceedings until the matters involved may be passed upon by the state courts of Colorado under the doctrine of equitable abstention.

It is this motion which is now before the Court.

The doctrine of abstention has been before the United States Supreme Court on many occasions, and was recently discussed by the Court in three cases decided on June 8, 1959: Louisiana Power and Light Company v. City of Thibodaux, 360 U.S. 25, 79 S.Ct. 1070, 3 L.Ed.2d 1058; Harrison v. N. A. A. C. P., 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed. 2d 1152; County of Allegheny v. Frank Mashuda Co. et al., 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163.

That there is a difference of opinion as to the extent and application of the doctrine is indicated by the fact that in each of the three cases above mentioned, dissenting opinions were filed, and also by the fact that in two of the cases, abstention by the District Court was approved (Louisiana Power and Light Company, supra, and Harrison v. N. A. A. C. P., supra), and in the third case, abstention was disapproved (Allegheny County case, supra). However, from a reading of these three opinions, this Court concludes that there is at least one ground for the application of the doctrine of abstention concerning which there is no difference of opinion, to-wit: the application of the doctrine of abstention to avoid, if possible, decision of a federal constitutional question.

In the Louisiana Power and Light Company case, supra, the majority opinion cites with approval Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, at page 498, 61 S.Ct. 643, at page 644, 85 L.Ed. 971, in which case the Court said:

"The complaint of the pullman porters undoubtedly tendered a substantial constitutional issue. * * * Such constitutional adjudication plainly can be avoided if a definitive determination on a state issue would terminate the controversy."

In that case a District Court of three judges decided the issues. The Supreme Court remanded the cause to the District Court with directions to retain the bill pending a determination of proceedings to be brought in the state court.

The dissenting opinion in the Louisiana Power and Light Company case, and the majority opinion in the Allegheny County case, state that the doctrine of abstention is limited to an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it, and said:

"The doctrine of abstention originated in the area of the federal courts' duty to avoid, if possible, decision of a federal constitutional question." Dissenting opinion, Louisiana Power and Light Company case, 360 U.S. at page 32, 79 S.Ct. at page 1075.

"This Court has sanctioned a federal court's postponement of the exercise of its jurisdiction in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." Majority opinion, Allegheny County case, 360 U.S. at page 189, 79 S.Ct. at page 1063.

In the Harrison case, a three-judge district court declared three Virginia statutes invalid under the Fourteenth Amendment and enjoined the enforcement thereof. The majority opinion states in part:

"The appeal raises two questions: First, whether in the circumstances of this case the District Court should have abstained from a constitutional

adjudication, retaining the cause while the parties, through appropriate proceedings, afforded the Virginia courts an opportunity to construe the three statutes in light of state and federal constitutional requirements. Second, if such an abstention was not called for, whether, the District Court's constitutional holdings were correct. Because of our views upon the first question we do not reach the second." Supra at page 168 of 360 U.S., at page 1026 of 79 S.Ct.

The Court, in the above case, held that the District Court should have abstained and remanded the case to the District Court with instructions to afford a reasonable opportunity for the appellees to bring appropriate proceedings in the Virginia courts, meanwhile retaining its own jurisdiction of the case.

In the course of its discussion, the majority opinion states in part:

"This now well-established procedure (abstention) is aimed at the avoidance of unnecessary interference by the federal courts with proper and validly administered state concerns, a course so essential to the balanced working of our federal system. To minimize the possibility of such interference a 'scrupulous regard for the rightful independence of state governments * * * should at all times actuate the federal courts,' Matthews v. Rodgers, 284 U.S. 521, 525 [52 S.Ct. 217, 219, 76 L.Ed. 447], as their 'contribution * * * in furthering the harmonious relation between state and federal authority * * *.' Railroad Commission [of Texas] v. Pullman Co., 312 U.S. 496, 501 [61 S.Ct. 643, 645, 85 L.Ed. 971]. In the service of this doctrine, which this Court has applied in many different contexts, no principle has found more consistent or clear expression than that the federal courts should not adjudicate the constitutionality of state enactments fairly open to interpretation until the state courts have been afforded a reasonable opportunity to pass upon them. See, e. g., Railroad Commission of Texas v. Pullman Co., supra; [City of] Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168 [62 S.Ct. 986, 86 L.Ed. 1355]; Spector Motor Service, Inc., v. McLaughlin, 323 U.S. 101 [65 S.Ct. 152, 89 L.Ed. 101]; American Federation of Labor v. Watson, 327 U.S. 582 [66 S.Ct. 761, 90 L.Ed. 873]; Shipman v. DuPre, 339 U.S. 321 [70 S.Ct. 640, 94 L.Ed. 877]; Albertson v. Millard, 345 U.S. 242 [73 S.Ct. 600, 97 L.Ed. 983]; Government & Civic Employees [Organizing Committee, C. I. O.] v. Windsor, 353 U.S. 364 [77 S.Ct. 838, 1 L.Ed.2d 894]. This principle does not, of course, involve the abdication of federal jurisdiction, but only the postponement of its exercise; it serves the policy of comity inherent in the doctrine of abstention; and it spares the federal courts of unnecessary constitutional adjudication. See [City of] Chicago v. Fieldcrest Dairies, Inc., supra [316 U.S.], at [pages] 172–173 [62 S.Ct. at page 988]."

It appears to this Court that the instant case is a clear one for the application of the doctrine of abstention.

With the exceptions of the allegations pertaining to a violation of the Fourteenth Amendment to the Federal Constitution, and perhaps the Enabling Act of the State of Colorado, the allegations of the complaint raise questions to be determined under state law. If the City has no authority to adopt and enforce a zoning ordinance, either under Colorado law or general law, such a finding may give to the plaintiff the relief prayed for without determining the federal constitutional questions.

If the zoning ordinances were improperly adopted or otherwise void under state law, or if the zoning ordinances are

violative of the state constitution, the plaintiff may be entitled to relief, and again without determining the federal constitutional questions.

Should it eventually be necessary that the federal constitutional questions be determined by this Court, this Court may determine those questions in the light of the Colorado Supreme Court's interpretation of the state law and the state constitution applicable to the issues involved.

The Court having concluded that this is a case in which the doctrine of abstention should be applied, the Court should now determine whether the action should be dismissed or the proceedings stayed. The United States Supreme Court, in the Louisiana Power and Light Company case, supra, stated:

> "We have increasingly recognized the wisdom of *staying actions* in the federal courts pending determination by a state court of decisive issues of state law * * *."

> "On the other hand, we have held that the mere difficulty of state law does not justify a federal court's *relinquishment of jurisdiction* in favor of state court action." 360 U. S. at page 27, 79 S.Ct. at page 1072. (Emphasis supplied.)

It would appear, therefore, that the proper action of this Court is to stay the proceedings rather than to dismiss the action.

It is therefore ordered that the proceedings in this action shall be stayed until the further order of this Court, and that no further proceedings be had herein, to allow the plaintiff with reasonable promptness to initiate and prosecute an action in a Colorado state court of competent jurisdiction for a determination of the issues here involved.

It is further ordered that this Court retain jurisdiction of this action for such further proceedings herein as this Court, by order, may determine to be proper.