George HEDLUND, Richard J. Parish, and George C. Gubbins, Jr., Plaintiffs,

v.

Richard O. HANSON, Hennepin County Commissioner, George W. Matthews, Hennepin County Commissioner, Elwood Swanson, Hennepin County Commissioner, Mrs. I. G. Scott, Hennepin County Commissioner, S. Earl Ainsworth, Hennepin County Commissioner, Robert F. Fitzsimmons, Hennepin County Auditor, George H. Totten, Jr., Hennepin County Treasurer, Defendants,

and

Clay R. Moore, Intervenor.

No. 4–62–Civ.–122.

United States District Court
D. Minnesota,
Fourth Division.

Oct. 3, 1962.

William Merlin, Minneapolis, Minn., for plaintiffs.

George M. Scott, Hennepin County Attorney, Minneapolis, Minn., for defendants.

Clay R. Moore, Intervenor, Minneapolis, Minn., pro se.

Before SANBORN, Senior Circuit Judge, and DEVITT and NORDBYE, District Judges.

DEVITT, District Judge.

This is an action under the Declaratory Judgments Act, Sec. 2201, 28 U.S. C.A. seeking judicial relief against the claimed malapportionment of Hennepin County, Minnesota County Commissioner Districts. The plaintiffs are citizens and voters of Hennepin County and live outside of the City of Minneapolis in the Villages of Robbinsdale, Golden Valley

and Plymouth. They claim that they are denied the equal protection of the laws guaranteed by the 14th Amendment to the United States Constitution because of the alleged malapportionment.

In their prayer for relief, plaintiffs ask, among other things, that the court direct the present Hennepin County Commissioners to reapportion the districts, to declare that the present Commissioners hold their offices contrary to law, to declare their offices vacant, and to direct the Hennepin County Treasurer to withhold salary payments to the County Commissioners.

In an answer filed by Hennepin County Attorney George Scott on behalf of all of the defendants, the claimed malapportionment of the Commissioner Districts is not denied. It is admitted that the plaintiffs' representation on the Board of County Commissioners of Hennepin County is inadequate and that the present composition of the Commissioner Districts results in an inequality of representation.

The intervenor is a Minneapolis lawyer who lives in Hennepin County outside of the City of Minneapolis. He appears pro se, and takes the position that there is malapportionment in the Commissioner Districts, but that this should be corrected by action of the State Legislature.

This three-judge court has been convened under authority of 28 U.S.C.A. § 2284.

The members of the County Board have been in a quandary as to whether or not reapportionment of the Commissioner Districts should be carried on under Minnesota Statutes Annotated, § 375.02, a general law relating to all counties, or under Minnesota Laws 1929, Chapter 381, a special law apparently pertaining only to Hennepin County. Following the institution of this lawsuit, the Hennepin County Attorney advised the Hennepin County Board under date of June 22, 1962, that the special law, Minnesota Laws 1929, Chapter 381, was unconstitutional. On July 3, 1962 the Hennepin County Board adopted a resolution in which it recognized the need for redistricting and declared its intention, " * * * regardless of what else may happen, * * * " to redistrict the Hennepin County Commissioner Districts in time for the next regular election in 1964.

Written briefs have been filed by plaintiffs, defendants and the intervenor. Oral argument has been waived.

■ We said in Magraw v. Donovan, 163 F.Supp. 184 (D.Minn.1958):

"The federal courts are disinclined to rule on matters peculiarly and primarily of state concern. A healthy respect for the division of powers between the central government and the states is conducive to harmonious and effective government on all levels. We must have a 'scrupulous regard for the rightful independence of the state governments,' and should refrain from acting where proper recourse may be had to a branch or tribunal of the state government. See Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 500–501, 61 S.Ct. 643, 85 L.Ed. 971; Chicago v. Fieldcrest Dairies, Inc., 316 U.S. 168, 172–173, 62 S.Ct. 986, 86 L.Ed. 1355; Spector Motor Service Co. v. McLaughlin, 323 U.S. 101, 103–105, 65 S.Ct. 152, 89 L.Ed. 101; Albertson v. Millard, 345 U.S. 242, 244–245, 73 S.Ct. 600, 97 L.Ed. 983; Green v. Phillips Petroleum Co., 8 Cir., 119 F.2d 466; Romero v. Weakley, D.C.S.D.Cal., 131 F.Supp. 818, 832."

■ Since the claimed malapportionment is not disputed, and in view of the intention of the defendants and the intervenor to seek pertinent new laws of the State Legislature which convenes in January of 1962, and of the stated intention of the Hennepin County Board to redistrict the County before the next regular election in 1964, and in the light of the ready availability and jurisdiction of the Minnesota State Courts to afford

needful judicial services in the matter, we think it would be unwise and inappropriate for us to accept and exercise jurisdiction in the matter at this time.

We conclude, therefore, that the case should be continued without date, and the plaintiffs will be permitted, if so advised on the basis of subsequent events, to reassert their claim in this Court.

It is so ordered.