Steve **GOMORI**, Jr., Petitioner,

v.

Joseph R. **BRIERLEY**, Superintendent, State Correctional Institution, Pittsburgh, Pennsylvania, Respondent.

**Civ. A. No. 71–785.**

United States District Court,
W. D. Pennsylvania.

Dec. 11, 1971.

---

Thomas J. Shorall, Royston, Robb, Leonard, Edgecombe, Miller & Shorall, Pittsburgh, Pa., for petitioner Steve Gomori, Jr.

Joseph R. Brierley, Superintendent State Correctional Institution, Pittsburgh, Pa., J. Shane Creamer, Atty. Gen., of Pennsylvania, Harrisburg, Pa., Robert F. Banks, First Asst. Dist. Atty., Mercer, Pa., for respondent.

## OPINION

GOURLEY, District Judge.

This habeas corpus proceeding has been brought by a state penal inmate convicted of burglary and possession of burglary tools. The Court has conducted a full and complete hearing and has reviewed all state court records relative thereto.

■ Petitioner asserts that his conviction for burglary is constitutionally invalid and amounts to a denial of due process. The thrust of this argument is that the state trial court should not have permitted amendment of the indictment which, as returned from the Grand Jury, did not specify the particular felony petitioner intended to commit upon entering the burglarized building. The trial court ordered the indictment quashed with leave to amend within twenty days to set forth what felony petitioner intended to commit, and the said amendment was timely made.

It is clear from a review of the record that the indictment was conditionally, rather than absolutely, quashed. The trial court in effect ordered the indictment quashed unless the Commonwealth amended the indictment within twenty days to show the specific felony intended. Thus we find no merit in petitioner's legal thesis that there was no right to amend or that a new indictment should have been obtained by resubmission to the Grand Jury. It is the considered judgment of this Court that such amendment, made pursuant to Rule 220 of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix [1], violates no constitutional right of petitioner.

■ Petitioner also asserts that the trial court erred in construing a ladder as a burglary tool. The trial court ruled that a ladder was a burglary tool as defined in 18 P.S. § 4904, and was affirmed per curiam. The construction of this state statute is therefore binding on this Court. Federal courts are bound by the interpretation of state statute rendered by a decision of a state court. Groppi v. Wisconsin, 400 U.S. 505, 91 S.Ct. 490, 27 L.Ed.2d 571 (1971); Albertson v. Millard, 345 U.S. 242, 73 S.Ct. 600, 97 L.Ed. 983 (1953).

Other matters which petitioner asserts as violations of his constitutional rights are not properly before this Court because they have not previously been raised by him in the state courts. In any event, they do not rise to a denial of due process, nor have they caused petitioner to be deprived of a fundamentally fair trial. United States ex rel. Cannon v. Maroney, 373 F.2d 908 (3d Cir. 1967). Petitioner asserts that he was denied due process when the trial court severed his case from that of another defendant and denied a motion for

---

1. "Rule 220. Amendment of Indictments
   The court may allow an indictment to be amended where there is a defect in form, the description of the offense, the description of any person or any property, or the date charged provided the indictment as amended does not charge an additional or different offense. Upon amendment the court may grant such a postponement of trial or other relief as is necessary in the interests of justice."

continuance. We find absolutely no merit in these contentions, nor in the assertion that the trial court misled the jury by its charge or that the court improperly allowed testimony of a prosecution witness, Police Chief Gross, to be heard. This latter claim is based on a supposed material difference in testimony of the witness on two separate instances of testifying relative to the ladder used in the burglary. We find no substantiation of this in the record.

In view of the foregoing, it is the considered judgment of this Court that the petition for writ of habeas corpus should be denied. Findings of fact and conclusions of law have not been separately stated, but are contained in the body of the above opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.

An appropriate order is entered.