Norman LEWELLYN et al.,
Plaintiffs-Appellants,

v.

Virgil H. GERHARDT et al.,
Defendants-Appellees.

No. 74–1443.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 5, 1975.

Decided March 21, 1975.

Theodore Lockyear, Steven T. Barber, Evansville, Ind., for plaintiffs-appellants.

Theodore L. Sendak, Atty. Gen., Donald P. Bogard, Asst. Atty. Gen., Indianapolis, Ind., Charles L. Martin, Boonville, Ind., for defendants-appellees.

Before SWYGERT, STEVENS and DOYLE,* Circuit Judges.

* Circuit Judge William E. Doyle of the Tenth Circuit is sitting by designation.

1. The mentioned statutes are as follows:
The transfer shall be conditioned by the following: That said Scales Lake, or by whatever name, when in full possession by the recipient shall be forevermore maintained, developed and used as a general park and recreation area; that the recipient of said property shall not have the right to sell, lease or in any way transfer the control of the property, in whole or in part, to any person, firm, party, or agency or government, except for use as a general park and recreation area; that any subsequent owner,

WILLIAM E. DOYLE, Circuit Judge.

The plaintiffs, Trustees of the Hemenway Memorial Presbyterian Church, brought this action against the Governor of Indiana, the Attorney General, the Board of Commissioners of Warrick County, Indiana and the members of the Board of the Warrick County Park and Recreational Department. They sought recovery of a tract of land which was conveyed on December 2, 1933 by Travis E. Scales and Sarah C. Scales to the State of Indiana. The deed contained a proviso that if the grantee failed or refused to maintain the land at all times for the benefit of the public as a place of recreation for a period of three consecutive years, the land would revert to the grantors or their survivors. If at the time of the reversion the grantors had died, there was a proviso that the plaintiffs, Trustees of the Hemenway Memorial Presbyterian Church, would then become the beneficiaries of the possibility of reverter. The complaint alleged that the above mentioned condition was violated and that the possibility of reverter clause had become activated. The violation relied on arose, it is alleged, as a result of adoption by the Indiana General Assembly of a statute authorizing the transfer of this property to Warrick County. The deed of conveyance to Warrick County made pursuant to the statute contained a condition similar to that in the original deed that the property be used as a park and recreation area. There was also (as in the original deed) a provision for reversion to the state in the event of failure to so use it.[1] Plaintiffs'

lessee or controller of the property shall not have the right to use or cause the property to be used for any purpose other than a general park and recreation area; and that should the property, in whole or in part, ever be used for other than the stated purposes, the Director of the Department of Natural Resources, on approval of the Governor, shall have the authority to cause the property, in whole, to revert to the status of ownership prior to the passage of this act. SEC. 2. Following agreement by the Warrick County Park and Recreational Department, Warrick County, Indiana, the Governor of the State of Indiana and the Director of the Indiana Department of Natural Re-

contention was that the public law authorizing this transfer was void under the due process and equal protection clause of the Fourteenth Amendment of the Constitution of the United States. A declaratory judgment to this effect was sought in the district court. Jurisdiction is predicated on 28 U.S.C. § 1343(3). The complaint requests appointment of a three-judge court pursuant to 28 U.S.C. § 2281.

Defendants filed a motion to dismiss the complaint. This motion was granted. It is this judgment which is appealed. In dismissing, the court ruled that the cause lacked subject matter jurisdiction and failed to state a claim upon which relief could be granted. The trial court held that the scope of § 1343(3) is the same as 42 U.S.C. § 1983, the so-called civil rights statute. The trial court further noted that an action cannot be maintained against the state or the county, and that the county and state were the real parties in interest here. The court also ruled that a three-judge court was not called for since the statute which was attacked was not general and state-wide in its application. A further holding was that by the very terms of the possibility of reverter there existed no entitlement to the land since the three-year period after the date of the transfer has not run.

■ Our conclusion is that it was unnecessary to reach the merits of plaintiffs' claim because the issue is non-federal involving as it does the meaning and consequences of a conveyance of land and the construction of a state statute. Thus the cause may be disposed of by applying state law. For that reason, it is clearly inappropriate to determine the federal constitutional questions which have been tendered.

■ Although the result which we reach is the same as that of the trial court, our view as to the manner of disposition is somewhat different. In view of the predominant state character of the case, the doctrine of abstention applies. This calls for the federal court staying its hand to allow the state courts to rule on the state questions. Where, as here, state action is being challenged in federal court and there are questions of state law which are capable of disposing of the case, a federal court should defer to the state court and allow it to deal with the questions of state law. *But see* Drexler v. Southwest DuBois School Corp., 504 F.2d 836, 839 (7th Cir. 1974).

The leading Supreme Court decision dealing with the kind of abstention applicable to our facts is Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). There the company was seeking to enjoin enforcement of an order of the Texas Railroad Commission. Its claim was that the order denied its rights under the Fourteenth Amendment. A secondary contention was that the Commission lacked authority to make the proposed order under Texas law. The Supreme Court ruled that a federal equity court was being asked to grant relief by making a tentative answer which could be displaced the next day by state adjudication. The Court went on to say that a court of equity should in these circumstances avoid the tentative and premature consideration of the constitutional issue by abstaining and allowing the state court to decide the local question. The court pointed out that if the state court held that the order was unauthorized under state law, that would make it unnecessary for the federal court to pass on the federal question.

sources as to the land to be conveyed, the Governor shall direct the Auditor of State to cause to be prepared, executed, and delivered a deed of conveyance to the Warrick County Park and Recreational Department, Warrick County, Indiana, transferring and conveying on January 1, 1972, all rights, title and interest, except as defined herein, which

the State of Indiana may have in the real estate, which deed shall be signed by the Governor and the Director of the Indiana Department of Natural Resources and shall be attested by the Auditor of State, with the seal of the State of Indiana affixed thereto. Indiana Public Law 484 (1971).

Numerous decisions of the Supreme Court have followed the rule of the *Pullman* case. *See* Note, Hart and Wechsler's The Federal Courts and The Federal System, p. 988 et seq. (2d ed. P. Bator, D. Shapiro, P. Mishkin and H. Wechsler, 1973). *See also* Harris County Commissioners Court v. Moore, 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (1974).

The use of abstention in cases which raise questions of state law predates the *Railroad Commission* case. *See*, for example, Railroad Commission v. Rowan & Nichols Oil Co., 311 U.S. 614, 61 S.Ct. 66, 85 L.Ed. 390 (1940) and 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368 (1940); Gilchrist v. Interborough Rapid Transit Co., 279 U.S. 159, 49 S.Ct. 282, 73 L.Ed. 652 (1929).

Since the *Pullman* decision there have been many decisions requiring abstention on unsettled state law issues when resolution of those issues is necessarily preliminary to consideration of federal constitutional questions. *See*, for example, City of Meridian v. Southern Bell T. & T. Co., 358 U.S. 639, 79 S.Ct. 455, 3 L.Ed.2d 562 (1959); Albertson v. Millard, 345 U.S. 242, 73 S.Ct. 600, 97 L.Ed. 983 (1953); Spector Motor Service v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101 (1944); *see* Hart and Wechsler, *supra.*

The fact that the plaintiff brings the suit as a civil rights action does not preclude abstention. *See* Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972) and Harrison v. National Assn. for the Advancement of Colored People, 360 U.S. 167, 79 S.Ct. 1025, 3 L.Ed.2d 1152 (1959). In the latter case a Virginia statute sought to regulate the giving of financial assistance to organizations which supported integration or segregation. A three-judge court had decided that the

statutes were an attempt to nullify the school desegregation cases, but certain of the statutes were held to be open to possible state interpretation. The Supreme Court ruled that the entire group of statutes should be submitted to the Virginia courts for construction.

Still another decision which contains the suggestion that abstention is appropriate in a Fourteenth Amendment equal protection situation is Askew v. Hargrave, 401 U.S. 476, 91 S.Ct. 856, 28 L.Ed.2d 196 (1971).

At bar the questions arising from the two conveyances, involving as they do a possibility of reverter clause, and a determination as to whether the condition in the original deed has been violated are necessarily issues which are anterior to questions invoking constitutional rights.

It may be that the federal questions here presented are frivolous or even spurious. Regardless of this fact, our view is that it is inappropriate for the federal courts to consider their merits where it is likely that it will prove to have been an unnecessary effort as here.

The case before us appears to be a classic *Pullman*-type abstention case because there is presented in addition to the alleged federal claim an unsettled issue of state law which is capable of superseding altogether the federal question.[2]

For the reasons which we have given, we conclude that the cause be remanded to the district court with directions to that court to reinstate the cause of action herein and to enter an appropriate abstention order which postpones any decision of the federal question pending the determination by the state court of the state questions which are inherent in the fact situation presented.[3]

2. *Compare* Murdock v. City of Memphis, 87 U.S. 590, 20 Wall. 590, 22 L.Ed. 429 (1875), an early Supreme Court decision which involved facts amazingly similar to our case. It was held that there was an adequate independent state remedy. The Court treated this issue as

preemptive. *Cf.* Miller's Executor v. Swann, 150 U.S. 132, 14 S.Ct. 52, 37 L.Ed. 1028 (1893).

3. England v. Louisiana State Board of Medical Examiners, 375 U.S. 411, 426, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964).