BOLIN ET AL., APPELLANTS, *v.* WHITE, DIRECTOR, ET AL., APPELLEES.

[Cite as Bolin v. White (1976), 51 Ohio App. 2d 92.]

(No. 76AP-51—Decided August 3, 1976.)

*Mr. Louis A. Jacobs* and *Ms. Deborah A. Ballan,* clinical program law clerk, for appellants.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas E. Turk,* for appellees.

STRAUSBAUGH, P. J. This is an appeal by plaintiffs from a final judgment of the Court of Claims granting a summary judgment to defendant, overruling plaintiffs' counter motion for a summary judgment, and dismissing plaintiffs' complaint.

The facts are basically agreed to by the parties. In January 1974, plaintiff Donald Bolin applied for supplemental security income under Sections 1381-1383(c), Title 42, U. S. Code. In June 1974, plaintiff's application was approved retroactive to January 1974, pursuant to federal regulation 20 C. F. R., Section 416.501, which states, in part:

"Payment of supplemental security income benefits will be made for the month of application and each subsequent month thereafter in which all requirements for eligibility established pursuant to this part are met."

From January 1, 1974, through May 31, 1974, while plaintiff's supplemental security income application was being processed, the department included Mr. Bolin and his income and resources in the Bolin family's AFDC[1] budget

---

[1] Aid to families with dependent children.

determination, which inclusion resulted in a $318 reduction in AFDC benefits for the Bolin family.

In July 1974, pursuant to Section 602(a)(24), Title 42, U. S. Code, the department began excluding Mr. Bolin and his income and resources from the family's AFDC budget determination.

Subsequent to the approval of plaintiff's supplemental security income application, retroactive to January 1974, Mrs. Bolin applied for a recalculation of AFDC payments for the period from January 1 to May 31, 1974. Her request for a recalculation provides:

"[I]f an individual is receiving benefits under Title XVI (S. S. I.), then, for the period for which such benefits are received, such individual shall not be regarded as a member of a family for determining the amount of benefits under this title (A. F. D. C.) and his income and resources shall not be counted as income and resources of a family under this subchapter."

The department denied Mrs. Bolin's application for retroactive AFDC benefits and Mrs. Bolin appealed. The department based its denial on its interpretation of an Ohio regulation, Section 420, Ohio Public Assistance Manual, read in conjunction with the federal regulations.[2]

The plaintiffs filed this action in the Court of Claims of Ohio to recover $318, the amount of benefits by which their AFDC was reduced by the inclusion of Mr. Bolin and his income and resources in the family's AFDC budget from January 1 to May 31, 1974, and for which they were not compensated when the retroactive supplemental security income grant was made.

The Court of Claims, in its opinion, referred to the decision of this court in *Lehew* v. *Rhodes* (1970), 23 Ohio App. 2d 102, wherein at page 110, we stated:

"The regulation in question is not a rule under R. C. 119.01, nor is the Department of Welfare an agency under the section, nor has it been made subject to the Administrative Procedure Act by any other act of the Legislature. Mr. Lehew is limited, therefore, to an appeal made possible,

[2]45 C. F. R., Section 233.20(a)(3)(ii)(c).

and required, by statute under a departmental rule. There is no further administrative relief available and no judicial help unless it be provided by the use of such a process as a mandatory injunction, or some extraordinary actions such as mandamus, or, possibly, under the declaratory judgment chapter as presently urged by counsel.''

The trial court went on to say that the Court of Claims has limited jurisdiction and in no sense can it function as a court of review and that the Court of Claims has jurisdiction only to determine the liability of the state in the first instance with no jurisdiction to review a claim already determined by a decision that the General Assembly has said is final.

Plaintiffs' first assignment of error states:

''The court below erred by equating prior consent to be sued, which divests the Court of Claims of Ohio of jurisdiction pursuant to R. C. 2743.02(A), with the intra-agency administrative appeals process.''

In their second assignment of error, plaintiffs' allege:

''The court below erred by treating plaintiffs-appellants' original civil action for the wrongful withholding of money as an appeal from a final administrative decision.''

The legislature has provided, in R. C. 5107.05:

''An applicant or recipient aggrieved because of a county administration's decision or delay in making a decision may appeal to the department in the manner prescribed by the department and shall be afforded reasonable notice and opportunity for a fair hearing. All decisions of the department made on appeal shall be final and binding upon and complied with by the county administration.''

Department in that section refers to the Department of Welfare.

R. C. 5107.02 provides:

''The department of public welfare shall administer sections 5107.01 to 5107.16, inclusive, of the Revised Code. The department may: * * *

'' (F) Afford a fair hearing to any individual entitled thereto under section 5107.05 of the Revised Code, in which

case the finding and order of the department shall be final * * *."

R. C. 5107.05 refers to an application for aid; determination of eligibility; payments; notification of additional resources; and appeal.

Plaintiffs contend that the state has waived its sovereign immunity from suits over which it had not previously given its consent to be sued by enacting R. C. 2743.02(A), which provides:

"The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the Court of Claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter. To the extent that the state has previously consented to be sued, this chapter has no applicability."

The questions raised in this case present problems of considerable complexity. We find, however, that it was the intention of the legislature, by its enactment of R. C. 5107.02 and 5107.05, to limit the right of appeal to those instances set forth in R. C. 5107.05. Clearly, no provision has been made for judicial review of the welfare questions set forth in that section. To grant plaintiffs' request would be to convert the Court of Claims into a court of appellate review, which we find in no way was contemplated by the legislature in creating that court. The Court of Claims cannot be the proper forum to challenge decisions of welfare agencies. "Rules of law applicable to suits between private parties" do not involve welfare claims.

Since the plaintiffs have not stated a claim upon which relief can be granted by the Court of Claims, the holding in *Lehew* v. *Rhodes, supra,* is still applicable. As we have previously stated in *Lehew* v. *Rhodes, supra,* at page 111:

"There is no further administrative relief available and no judicial help *unless it be provided by the use of such a process as a mandatory injunction, or some extraordinary action such as mandamus * * *."* (Emphasis added.)

For the foregoing reasons, we overrule both assign-

ments of error set forth by plaintiffs, and affirm the judgment of the trial court.

*Judgment affirmed.*

HOLMES, J., concurs.

McCORMAC, J., concurs in the judgment only.

McCORMAC, J., concurring in the judgment only. I agree that the judgment of the trial court should be affirmed, but for a different reason than that stated in the majority decision.

R. C. 5107.05 and 5107.02(F) make final and binding all decisions of the Department of Welfare in relation to the claim of appellants for retroactive benefits. The decisions in relation thereto are not *appealable* to the court through R. C. Chapter 119, or elsewhere. Hence, prior to the creation of the Court of Claims, there was no access to the courts to review decisions of the Department of Welfare, other than through the use of mandamus or declaratory judgment or a similar remedy. The only possible inadequacy of those remedies is that a money judgment against the state could not be directly granted or enforced. However, there is no indication, either now or in the past, that the rulings of the court were not followed by the Department of Welfare.

The Court of Claims Act purports to set forth no new rights against the state or its agencies; instead, it eliminates the bar of sovereign immunity that otherwise might be applicable. Access to the court system through an appeal or a *de novo* redetermination prior to the Court of Claims Act was barred, not because of the immunity of the state but because of the finality accorded the administrative decision by statute. Thus, the Court of Claims has not acquired subject matter jurisdiction over this claim, which in effect seeks to redetermine the issues made final by statute in the administrative agency. The only remedies that exist for appellants are the ones that existed prior to adoption of the Court of Claims Act; that is, mandamus or another extraordinary writ as may be applicable, for which jurisdiction existed prior to the establishment of the Court of Claims.