HERITAGE FARMS, INC., Heritage Farm Partnership, Concepts Plus, Inc., and Michael G. Lamelza

v.

SOLEBURY TOWNSHIP, Solebury Township Board of Supervisors, J. Walter Livezey, Jr., Frank J. Soriero, Jr., Frank C. Boas, Cyrus R. Hoagland and Patricia D. Knight, Individually and in their respective official capacities as members of the Solebury Township Board of Supervisors, Carl L. Lindsay, Jr., Individually and in his official capacity as Solicitor of Solebury Township, and William E. Moon.

Civ. A. No. 80–2888.

United States District Court, E. D. Pennsylvania.

Dec. 19, 1980.

Steven L. Friedman, Thomas J. Elliott, Louis B. Kupperman, Edward Wardell, Philadelphia, Pa., for plaintiffs; Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., of counsel.

Franklin Poul, Edward J. Marcantonio, Brian P. Flaherty, Philadelphia, Pa., for defendants; Wolf, Block, Schorr & Solis-Cohen, and Swartz, Campbell & Detweiler, Philadelphia, Pa., of counsel.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This is an action alleging violations of plaintiffs' constitutional rights, brought pursuant to 42 U.S.C. § 1983, seeking damages, as well as injunctive and declaratory relief. The complaint also alleges violations of the Pennsylvania Constitution and unspecified Pennsylvania laws. Plaintiffs are the owners and developers of several multi-unit residential developments located within Solebury Township, Bucks County, Pennsylvania. Defendants are Solebury Township (Township), the Solebury Township Board of Supervisors (Board), the members of the Board and the Township's Solicitor, named in their official and individual capacities, and a former member of the Board, named in his individual capacity.

Presently before the court is the defendants' motion to dismiss on the ground of abstention, or in the alternative, to dismiss the claims for damages against the individual defendants. For the reasons to follow, the defendants' motion to dismiss on the ground of abstention is granted.

Plaintiffs allege that the defendants have engaged and continue to engage in a course of conduct and conspiracy intended to impede, obstruct, delay and destroy plaintiffs' current and future development projects. The alleged unlawful conduct and conspiracy of the defendants includes the following:

(1) continuing unlawful refusals to grant approvals of plaintiffs' development projects routinely required by law;

(2) imposition of unlawful conditions on plaintiffs' projects, including unlawful refusals to release escrow monies in order to bankrupt plaintiffs, unlawful refusal to accept required dedication of completed public roads, unlawful refusals to issue certificates of occupancy for Ingham Mews—an otherwise completed fully approved residential development;

(3) unlawful opposition to plaintiffs' Logan Square commercial development orchestrated by defendant Frank C. Boas, who owns and operates a commercial store nearby that would have to compete with proposed shops in Logan Square;

(4) unlawful bans on issuance of building permits;

(5) declarations of intent by defendants to bankrupt plaintiff Michael G. La Melza;

(6) efforts to dissuade financial institutions from financing plaintiffs' development projects;

(7) ongoing defamation and vilification of plaintiffs in order to further damage plaintiffs;

(8) repeated harassing inspections and reviews of plaintiffs projects.

The complaint alleges that defendants' conduct: (1) has violated "rights, privileges, and immunities secured by the Constitution of the United States, including plaintiffs' rights to notice and opportunity for hearing and equal protection of the laws secured by the Fourteenth Amendment, and 42 U.S.C. § 1983;" (2) constitutes a "taking of plaintiffs' property without due process of law" in violation of the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983; (3) has denied plaintiffs "the equal protection of state and local laws" by denying necessary approvals and imposing oppressive and confiscatory conditions and restrictions on their business operations and project, in violation of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983. The complaint also alleges that plaintiffs "have not and will not be able to obtain fair and impartial treatment from the Board of Supervisors ... in violation of the due process clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

The complaint further alleges that the defendants (1) have interfered with the plaintiffs' use and enjoyment of their property in violation of the Constitution of the Commonwealth of Pennsylvania; (2) have unlawfully and tortiously interfered with the plaintiffs' "existing relationships in violation of the laws of the Commonwealth of Pennsylvania;" (3) have unlawfully defrauded and attempted to defraud the

plaintiffs of their property, in violation of the laws of the Commonwealth of Pennsylvania; and (4) have unlawfully extorted and attempted to extort property and money from them in violation of the laws of the Commonwealth of Pennsylvania.

■ Under the doctrine of abstention, a federal court may decline to exercise or postpone the exercise of its jurisdiction in certain exceptional circumstances where repair to the state court would clearly serve an important countervailing interest to the obligations of a district court to adjudicate cases properly before it. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813–817, 96 S.Ct. 1236, 1244–46, 47 L.Ed.2d 483 (1976). In that case, the Supreme Court articulated the three types of abstention applicable to the federal courts.

■ The first of these three types of abstention stems from *Railroad Commission of Texas v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Under the *Pullman* doctrine, a federal court should abstain in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law.

The second type of abstention arises out of *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *Burford* type abstention is appropriate where exercise of federal review of difficult state law questions would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

The third type of abstention is based upon *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Abstention is appropriate under *Younger* where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings.

Cases involving questions of land use policy have consistently been considered especially appropriate for abstention because of the distinctly local nature of land use regulation and the special sensitivity which surround land use issues. *See, Kent Island*

*Joint Venture v. Smith*, 452 F.Supp. 455, 462 (D.Md.1978), and cases cited therein. Justification for abstention in land use cases is based upon the principles of both *Pullman* and *Burford*. *Id.* State courts are more accustomed to reviewing local land use decisions, and federal adjudication of land use disputes would cause needless conflict with state and local administration of concerns with which state courts have more familiarity and expertise. *Id.*

Despite plaintiffs' desire to characterize the defendants' actions as a conspiracy to deprive them of constitutional rights, this action is in essence a local land use dispute, which is more appropriately adjudicated in a state rather than a federal court.

■ *Pullman*-type abstention is appropriate here because this dispute can be disposed of by a state court applying state law, thus avoiding a determination by this court of federal constitutional questions. *See, Lewellyn v. Gerhardt*, 513 F.2d 184 (7th Cir. 1975). Indeed, as was stated in that case, "[t]he case before us appears to be a classic *Pullman*-type abstention case because there is presented in addition to the alleged federal claim an unsettled issue of state law which is capable of superseding altogether the federal question." Id. at 187. (footnote omitted). In addition to their federal constitutional claims, plaintiffs here have asserted claims based upon the Constitution and laws of the Commonwealth of Pennsylvania. Those state claims arise from the same alleged conduct of defendants and seek the same relief as do their federal constitutional claims. A state court hearing those state claims might well dispose of this matter without the need to address federal constitutional issues. *Fralin and Waldron, Inc. v. City of Martinsville, Va.*, 493 F.2d 481 (4th Cir. 1974) (Opinion by Mr. Justice Tom Clark). Since there is a potentially dispositive question of state law, abstention is warranted in this case. *See, Santa Fe Land Improvement Co. v. City of Chula Vista*, 596 F.2d 838 (9th Cir. 1979).

*Buford*-type abstention is also appropriate because of the traditionally local nature of land use decisions and the danger of unwarranted federal interference with such

traditionally local functions. *See, Kent Island Joint Venture v. Smith*, 452 F.2d at 463. A state adjudication here may well avoid needless friction in federal state relations over the administration of purely state affairs. *Fralin and Waldron, Inc. v. City of Martinsville, Va.*, 493 F.2d at 482–83.

We find support for our conclusion in the case of *Kent Island Joint Venture v. Smith*, 452 F.Supp. 455 (D.Md.1978), in which the court was faced with similar federal constitutional claims based on the defendant state and local officials' alleged conspiracy to prevent the development of the plaintiffs' property. The court there reasoned that abstention was warranted on both *Pullman* and *Burford* grounds.

Abstention is not precluded here merely because the plaintiffs bring this suit as a civil rights action. *Lewellyn v. Gerhardt*, 513 F.2d at 187; *Nelson v. Septa*, 420 F.Supp. 1374, 1381 (E.D.Pa.1976). We note, however, that in regard to civil rights cases, a court must exercise extreme care, and proceed on a case by case basis, when ruling on a motion to dismiss on grounds of abstention. Such diligence is necessary in order to preserve the availability of a federal forum for vindication of federal constitutional rights deprivations. *See, Harris County Commissioners Court v. Moore*, 420 U.S. 77, 83, 95 S.Ct. 870, 875, 43 L.Ed.2d 32 (1975). Blanket application of the doctrine of abstention in land use cases would foreclose the option of pursuing land-use related federal constitutional claims in federal court. Such a policy would subvert the purpose of civil rights statutes such as 42 U.S.C. § 1983 and erode the guarantees of the United States Constitution. *Cf., Id.* at 89, 90, 95 S.Ct. at 878 (Douglas, J., dissenting); *Harrison v. N.A.A.C.P.*, 360 U.S. 167, 184, 79 S.Ct. 1025, 1034, 3 L.Ed.2d 1152 (1959). (Douglas, J., dissenting) (federal constitutional challenges to non-land use state statutes). *See generally, Note, Land Use Regulation, the Federal Courts, and the Abstention Doctrine*, 89 Yale L.J. 1134 (1980).

We have given due consideration to those concerns, and conclude that in the context of the case *sub judice*, the federalist values behind the doctrine of abstention outweigh competing values presented by the duty of the federal judiciary to hear cases properly before it and the need to prevent impairment of federal constitutional guarantees and assure access to the federal courts by those seeking redress of alleged violations of those constitutional guarantees. *McKnight v. SEPTA*, 583 F.2d 1229, 1241 (3d Cir. 1978).

We shall therefore exercise our discretion to dismiss this case, without prejudice. *McKnight v. SEPTA*, 438 F.Supp. 813, 828 (E.D.Pa.1977); *vacated and remanded*, 583 F.2d 1229 (3d Cir. 1978); *Nelson v. SEPTA*, 420 F.Supp. at 1381. At the conclusion of state proceedings, of course, plaintiffs may return to the federal courts for a disposition on the merits of their federal claims should the state courts hold against them on the questions of local law. *American Trial Lawyers Assn. v. New Jersey Supreme Court*, 409 U.S. 467, 469, 93 S.Ct. 627, 629, 34 L.Ed.2d 651 (1973); *Fralin and Waldron, Inc. v. City of Martinsville, Va.*, 493 F.2d at 483.